UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY

IN RE:

| | |
|---|---|
| LICKING RIVER MINING, LLC | CASE NO. 14-10201 |
| LICKING RIVER RESOURCES, INC. | CASE NO. 14-10203 |
| S. M. & J., INC. | CASE NO. 14-10220 |
| | (ASHLAND DIVISION) |
| | |
| FOX KNOB COAL CO., INC. | CASE NO. 14-60619 |
| J.A.D. COAL COMPANY, INC. | CASE NO. 14-60676 |
| | (LONDON DIVISION) |
| | |
| ALLEGED DEBTORS | CHAPTER 11 |
| | |
| | (JOINT ADMINISTRATION APPLICATION PENDING) |

**CONSOLIDATED ANSWER TO INVOLUNTARY PETITIONS AND CONSENT TO ENTRY OF ORDER FOR RELIEF AND RESERVATION OF RIGHTS**

Come Licking River Mining, LLC ("LR Mining"), Licking River Resources, Inc. ("LRR"), S. M. & J., Inc. ("SM&J"), Fox Knob Coal Co., Inc. ("Fox Knob"), and J.A.D. Coal Company, Inc. ("JAD"), as alleged debtors (collectively, the "Alleged Debtors"),[1] by counsel, and hereby file this Consolidated Answer to Involuntary Petitions and Consent to Entry of Order for Relief and Reservation of Rights (the "Answer and Consent"), and respectfully request that this Court enter promptly the order for relief substantially in the form of Official Form B253.

**BACKGROUND**

---

[1] Each of the Alleged Debtors are subsidiaries of U.S. Coal Corporation ("U.S. Coal") who is not an alleged debtor and is prevented, at present, from filing a voluntary petition for chapter 11 relief due to a restriction in its Certificate of Designation of Series A Convertible Preferred Stock of U.S. Coal and Certificate of Designation of Series B Convertible Preferred Stock of U.S. Coal (collectively, the "Designations"). U.S. Coal has sought approval from its Preferred Stockholders in order to authorize a voluntary Chapter 11 filing of U.S. Coal and its remaining non-debtor subsidiaries in compliance with these provisions. However, in the event U.S. Coal is unable to obtain the requisite consent from its Preferred Stockholders, U.S. Coal reserves its rights to contest the validity and enforceability of such consent rights under applicable federal and state law.

14990250.5

**Filing of Involuntary Chapter 11 Cases**

1. On May 22, 2014 (the "LR Mining Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") was filed against LR Mining.  On May 23, 2014 (the "LRR/Fox Knob Commencement Date"), involuntary petitions seeking relief under Chapter 11 of the Bankruptcy Code were filed against LRR and Fox Knob.  On June 3, 2014 (the "SM&J Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against SM&J.  On June 4, 2014 (the "JAD Commencement Date," and together with the LR Mining, LRR/Fox Knob, and SM&J Commencement Dates, the "Commencement Dates"), an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against JAD.  The foregoing involuntary petitions are collectively referred to as the "Involuntary Petitions."

2. Upon the receipt of the Involuntary Petitions, the Alleged Debtors, in consultation with their legal and financial advisors, determined that they had no adequate grounds to dispute the allegations of the petitioning creditors and concluded that the consensual resolution of the Involuntary Petitions was necessary to avoid the unnecessary expense and delay of litigation, and to enable the Alleged Debtors to concentrate their attention going forward on maximizing the value of their assets for the benefit of creditors and parties in interest by consenting to the relief sought by the petitioning creditors.

**Business Operations**

3. The Alleged Debtors are a group of privately held companies, which are wholly owned by U.S. Coal, a Delaware corporation.  U.S. Coal, the non-debtor parent of each of the Alleged Debtors, was formed in 2006 for the purpose of acquiring and consolidating several

smaller coal operations and taking advantage of perceived arbitrage opportunities between private and public market valuations through an anticipated initial public offering.

4. U.S. Coal operates through two divisions (previously independently owned and operated). In January 2007, U.S. Coal acquired LRR, LR Mining, SM&J, and Oak Hill Coal, Inc. (a non-debtor). These entities, collectively, are commonly referred to as the "Licking River Division."

5. In April 2008, U.S. Coal acquired JAD, Fox Knob, and Sandlick Coal Company, LLC (a non-debtor). These entities, collectively, are commonly referred to as the "JAD Division."

6. U.S. Coal is located in the central Appalachia region of eastern Kentucky. Between the two divisions, U.S. Coal controls approximately 80,000 acres, the majority of which is leased. LRR has approximately 26.3 million tons of surface reserves under lease, and JAD has approximately 24.4 million tons of surface reserves comprised of both leased and owned real property. At present, U.S. Coal has three surface mines in operation between its two divisions and associated highwall miner operations at each location.

7. As of May 1, 2014, U.S. Coal has approximately $71.1 million of liabilities (excluding asset retirement and capital lease obligations).Of this $71.1 million, approximately $41.9 million is comprised of secured debt, including secured equipment financing.The balance of approximately $29.1 million is comprised of obligations to trade creditors, the holders of certain LRR notes, certain put right holders (whose claims are disputed), and former counsel, Pryor Cashman LLP.

8. In an effort to reduce costs of production, increase operational efficiencies, and increase revenues, U.S. Coal undertook a number of operational initiatives over the past several

years. The efforts included the closing of smaller operations and the laying off 70 employees. U.S. Coal also made company-wide salary and benefits reductions including a ten percent reduction in wages for hourly personnel and a fifteen percent reduction in wages for salaried employees, while increasing U.S. Coal's required contribution for health benefits by employees by twenty percent. In addition to other initiatives, U.S. Coal also: (i) renegotiated lease rates with its mineral rights owners; (ii) renegotiated service contracts and terms with vendors; (iii) reduced their debt service requirements (both of principal amortization and interest obligations) by refinancing equipment notes; (iv) renegotiated their plant operation and maintenance agreements; and (v) undertook certain company-wide pricing initiatives in 2014.

9. Immediately prior to the Commencement Dates, the Debtors faced severe liquidity restrictions and had a general inability to readily access a line of credit. In addition, unfavorable coal production in the fourth quarter of 2013 and first quarter of 2014 severely hampered the Debtors' profitability. As a result, immediately prior to the Commencement Dates, the Debtors were unable to satisfy their debts to vendors as they became due in the ordinary course of business. Vendors responded to the Debtors' inability to pay their debts by restricting their credit terms to the Debtors and ultimately commencing these Chapter 11 cases.

10. Additional information about the Debtors' businesses and the events leading up to the Commencement Dates can be found in the Declaration of John Collins, the Debtors' Chief Executive Officer filed herein, which is incorporated herein by reference.

11. The Alleged Debtors have continued to operate their business pursuant to Section 303(f) of the Bankruptcy Code.

## CONSOLIDATED ANSWER TO INVOLUNTARY PETITIONS

12. Each of the Alleged Debtors admit that the Petitioning Creditors are eligible to file the Involuntary Petitions pursuant to Section 303(b) of the Bankruptcy Code.

13. Each of the Alleged Debtors admit that each Alleged Debtor is a person against whom an involuntary bankruptcy petition may be filed.

14. Each of the Alleged Debtors admit that, as of the date of the filing of each of the Involuntary Petitions, each of the Alleged Debtors was generally not paying their debts as they became due.

## RESERVATION OF RIGHTS

15. Each of the Alleged Debtors expressly reserves all of its rights and remedies under Section 303(i) of the Bankruptcy Code and otherwise.

## CONSENT TO ORDER FOR RELIEF

16. By this Answer and Consent, as they have no grounds to contest the allegations of the petitioning creditors, each of the Alleged Debtors hereby consents to an entry of an Order for Relief commencing its respective Chapter 11 Cases. The Alleged Debtors are filing concurrently herewith: (a) the resolutions of each of the Alleged Debtors' Board of Directors or Managing Member consenting to entry of the Order for Relief; (b) the Corporate Ownership Statement for the Alleged Debtors; (c) an unconsolidated list of each of the Alleged Debtors' 20 largest unsecured creditors; and (d) a consolidated list of the Alleged Debtors' 40 largest unsecured creditors.

17. The Alleged Debtors request that a hearing be held on this Answer and Consent on June 12, 2014 at 11:00 a.m. before the Honorable Judge Tracey N. Wise, Third Floor Courtroom, United States Bankruptcy Court, 100 East Vine Street, Lexington, Kentucky.

WHEREFORE, the Alleged Debtors respectfully request that the Court (i) enter an Order for Relief substantially in the form of Official Form B-253 and (ii) granting the Alleged Debtors such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>DELCOTTO LAW GROUP PLLC
>
>/s/ Laura Day DelCotto, Esq.
>KY Bar No. 81763
>Amelia Martin Adams, Esq.
>KY Bar No. 93038
>200 North Upper Street
>Lexington, KY  40507
>Telephone:  (859) 231-5800
>Facsimile:   (859) 281-1179
>ldelcotto@dlgfirm.com
>aadams@dlgfirm.com
>
>and
>
>NIXON PEABODY LLP
>
>/s/ Dennis J. Drebsky, Esq.
>NY Bar No. 4350633
>Christopher M. Desiderio, Esq.
>NY Bar No. 1181007
>437 Madison Avenue
>New York, NY 10022-7039
>Telephone:  (212) 940-3000
>Facsimile:   (212) 940-3111
>ddrebsky@nixonpeabody.com
>cdesiderio@nixonpeabody.com
>(*pro hac vice* pending)
>
>COUNSEL FOR THE
>ALLEGED DEBTORS
>(UNDER PENDING APPLICATION)

Z:\Answer to Invol Petition 20140608.doc