UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LICKING RIVER MINING, LLC, et al. | CASE NO. 14-10201 (ASHLAND & |
| DEBTORS IN POSSESSION | LONDON DIVISIONS) |
| | JOINTLY ADMINISTERED |

******

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| U.S. COAL CORPORATION | CASE NO. 14-51461 (LEXINGTON DIVISION) |
| ALLEGED DEBTOR | (JOINT ADMINISTRATION APPLICATION PENDING) |

**EXPEDITED MOTION FOR AN ORDER APPROVING
JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

Come U.S. Coal Corporation ("U.S. Coal"), as an alleged debtor, and Licking River Mining, LLC ("LR Mining"), Licking River Resources, Inc. ("LRR"), S. M. & J., Inc. ("SM&J"), Fox Knob Coal Co., Inc. ("Fox Knob"), and J.A.D. Coal Company, Inc. ("JAD"), as debtors and debtors in possession (collectively, the "Debtors"), by counsel, and pursuant to Fed. R. Bankr. P. 1015(b), respectfully request that the Court enter an order authorizing the joint administration of the above-captioned bankruptcy case of U.S. Coal and the above-captioned bankruptcy cases of the Debtors under the lead case of Licking River Mining, LLC, Case No. 14-10201. In support of this Motion, U.S. Coal and the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      On May 22, 2014 (the "LR Mining Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") was filed against LR Mining.  On May 23, 2014 (the "LRR/Fox Knob Commencement Date"), involuntary petitions seeking relief under Chapter 11 of the Bankruptcy Code were filed against LRR and Fox Knob.  On June 3, 2014 (the "SM&J Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against SM&J.   On June 4, 2014 (the "JAD Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against JAD.  On June 10, 2014 (the "U.S. Coal Commencement Date" and together with the LR Mining, LRR/Fox Knob, SM&J, and JAD Commencement Dates, the "Commencement Dates"), an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against U.S. Coal.  The foregoing involuntary petitions are collectively referred to as the "Involuntary Petitions."

2.      In response to the Involuntary Petitions, on June 9, 2014, LR Mining, LRR, Fox Knob, SM&J, and JAD acknowledged that they did not have a defense to allegations contained by filing their Consolidated Answer and Consent to Entry of Order for Relief and Reservation of Rights [Doc 8][1] (the "Subsidiary Answer").  On June 12, 2014, the Court entered an order for relief in each of the LR Mining, LRR, Fox Knob, SM&J, and JAD cases (the "Subsidiary Relief Date").   In response to its Involuntary Petition, on June 23, 2014, U.S. Coal acknowledged that it did not have a defense to allegations contained by filing its Answer and Consent to Entry of

---

[1] This is the ECF number for the Subsidiary Answer filed in the lead case of Licking River Mining, LLC, Case No. 14-10201. Identical Subsidiary Answers were also filed in each of the other Debtors' bankruptcy cases.

Order for Relief and Reservation of Rights (the "U.S. Coal Answer"). The Debtors anticipate
that the Court will enter an order for relief in U.S. Coal's bankruptcy case in the near future, and
the date that the order for relief is entered is hereinafter referred to as the "U.S. Coal Relief
Date," and together with the Subsidiary Relief Date, the "Relief Dates."

3.     The Debtors continue to operate their businesses and manage their properties as
debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.     This Court has jurisdiction over the Chapter 11 cases of the Debtors and of U.S.
Coal under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28
U.S.C. § 157(b)(2)(A).

5.     The Debtors and U.S. Coal maintain their principal places of business in Fayette
County, Kentucky. Accordingly, venue for the Debtors' and U.S. Coal's Chapter 11 cases is
proper in this District under 28 U.S.C. §§ 1408 and 1409.

6.     No trustee or examiner has been appointed in the Chapter 11 cases of the Debtors
or U.S. Coal, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

### The Debtors' Business

7.     U.S. Coal, the parent of each of the Debtors, was formed in 2006 for the purpose
acquiring and consolidating several smaller coal operations and taking advantage of perceived
arbitrage opportunities between private and public market valuations through an anticipated
initial public offering.

8.     U.S. Coal operates through two divisions (previously independently owned and
operated). In January 2007, U.S. Coal acquired LRR, LR Mining, SM&J, and Oak Hill Coal,

3

Inc. (a non-debtor).  These entities, collectively, are commonly referred to as the "Licking River Division."

9.      In April 2008, U.S. Coal acquired JAD, Fox Knob, and Sandlick Coal Company, LLC (a non-debtor).   These entities, collectively, are commonly referred to as the "JAD Division."

10.      U.S. Coal is located in the central Appalachia region of eastern Kentucky. Between the two divisions, U.S. Coal controls approximately 80,000 acres, the majority of which is leased.  LRR has approximately 26.3 million tons of surface reserves under lease, and JAD has approximately 24.4 million tons of surface reserves comprised of both leased and owned real property.  At present, U.S. Coal has three surface mines in operation between its two divisions and associated highwall miner operations at each location.

11.      As of May 1, 2014, U.S. Coal had approximately $75.0 million of liabilities (excluding asset retirement and capital lease obligations).  Of this $75.0 million, approximately $46.4 million was comprised of secured debt, including secured equipment financing, certain put right holders (whose claims are disputed), and Pryor Cashman LLP. The balance of approximately $28.6 million is comprised of obligations to trade creditors and holders of certain unsecured notes.

12.      In an effort to reduce costs of production, increase operational efficiencies, and increase revenues, U.S. Coal undertook a number of operational initiatives over the past several years.  The efforts included the closing of smaller operations and the termination of 70 employees.  U.S. Coal also made company-wide salary and benefits reductions including a ten percent reduction in wages for hourly personnel and up to a fifteen percent reduction in wages for salaried employees, while increasing U.S. Coal's required contribution for health benefits by

4

employees by twenty percent.  In addition to other initiatives, U.S. Coal also:  (i) renegotiated lease rates with its mineral rights owners; (ii) renegotiated service contracts and terms with vendors; (iii) reduced its debt service requirements (both of principal amortization and interest obligations) by refinancing equipment notes; (iv) renegotiated its plant operation and maintenance agreements; and (v) undertook certain company-wide pricing initiatives in 2014.

13.    Immediately prior to the Commencement Dates, the Debtors and U.S. Coal faced severe liquidity restrictions and had a general inability to readily access a line of credit. In addition, unfavorable coal production in the fourth quarter of 2013 and first quarter of 2014 severely hampered the Debtors and U.S. Coal's profitability.  As a result, immediately prior to the Commencement Dates, the Debtors and U.S. Coal were unable to satisfy their debts to vendors as they became due in the ordinary course of business. Vendors responded to the Debtors and U.S. Coal's inability to pay their debts by restricting their credit terms to the Debtors and U.S. Coal and ultimately commencing the Debtors' and U.S. Coal's Chapter 11 cases.

14.    Additional information about the Debtors and U.S. Coal's businesses and the events leading up to the Commencement Dates can be found in the Declaration of John Collins, the Debtors' Chief Executive Officer filed in the Debtors' bankruptcy cases and in U.S. Coal's bankruptcy case,[2] which is incorporated herein by reference.

### Prior Related Relief

15.    Certain first-day motions were filed in the Debtors' bankruptcy cases on June 9, 2014, and the first-day hearing on those motions was held on Thursday, June 12, 2014.

---

[2] This Declaration was previously filed in the lead case of Licking River Mining, LLC at Doc 13, and identical Declarations were filed in each of the other Debtors' bankruptcy cases.  A separate, similar Declaration is being filed contemporaneously herewith in the bankruptcy case of U.S. Coal.

16.     The Debtors' bankruptcy cases are currently being jointly-administered pursuant to the Order Authorizing Joint Administration of Chapter 11 Cases [Doc 91][3] entered on June 16, 2014.

## RELIEF REQUESTED

17.      U.S. Coal and the Debtors respectfully request entry of an order authorizing the joint administration of their Chapter 11 cases pursuant to Fed. R. Bankr. P. 1015(b) for procedural purposes.  U.S. Coal and the Debtors believe that joint administration would allow the cases to proceed more efficiently.

18.     This Court may order the joint administration of the estates of a debtor and an affiliate pursuant to Fed. R. Bankr. P. 1015(b), which provides in relevant part that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The term "affiliate" is defined in 11 U.S.C. § 101(2) as including an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ," and also a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ."  11 U.S.C. §§ 101(2)(A) and (B).

19.     In this case, the ownership of all of the Debtors is traceable back to U.S. Coal. U.S. Coal is the sole shareholder or sole member, as applicable, of all of the Debtors.  Therefore, U.S. Coal and the Debtors are affiliates as that term is defined in 11 U.S.C. § 101(2) and used in Fed. R. Bankr. P. 1015(b).

---

[3] This is the ECF number for the lead case of Licking River Mining, LLC.

20.    Joint administration of U.S. Coal's and the Debtors' Chapter 11 cases is appropriate because U.S. Coal and the Debtors intend to file with this Court numerous pleadings and applications that they believe will affect each of U.S. Coal and the Debtors' cases equally, and joint administration will reduce the amount of duplicative pleadings and notice that will be filed and/or served.  Additionally, it is anticipated that one overall plan for reorganization will be proposed.  As such, the joint administration of these cases will promote the economical, efficient, and convenient administration of U.S. Coal and the Debtors' Estates.

21.    Creditors' rights will not be adversely affected by the joint administration of these cases.  Joint administration will not affect any party's substantive rights.  To the extent that proofs of claim are required to be filed, each creditor will be entitled to file a claim against the particular Estate that owes it money.  Additionally, supervision of the administrative aspects of the Chapter 11 cases of U.S. Coal and the Debtors by the Court and the Office of the United States Trustee will be simplified.

22.    Since the bankruptcy case of Debtor LR Mining was the first of the Debtors' bankruptcy cases to be commenced, and the Debtors' bankruptcy cases are already being jointly administered under the lead case of Debtor LR Mining, should the Court grant this Motion and authorize U.S. Coal and the Debtors' cases to be jointly administered, U.S. Coal and the Debtors request that the Court order the case of Licking River Mining, LLC, Case No. 14-10201, to be the "lead case" for all six bankruptcy cases.

WHEREFORE, U.S. Coal and the Debtors respectfully request that the Court enter an order:  (1) authorizing the joint administration of U.S. Coal and the Debtors' bankruptcy cases under the lead case of Licking River Mining, LLC, Case No. 14-10201; (2) setting forth any

necessary and related filing procedures; and (3) granting U.S. Coal and the Debtors such other

and further relief as the Court deems just and proper.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Amelia Martin Adams, Esq.
KY Bar No. 93038
Laura Day DelCotto, Esq.
KY Bar No. 81763
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
aadams@dlgfirm.com
ldelcotto@dlgfirm.com

and

NIXON PEABODY LLP

/s/ Dennis J. Drebsky, Esq.
NY Bar No. 1181007
Christopher M. Desiderio, Esq.
NY Bar No. 4350633
437 Madison Avenue
New York, NY 10022-7039
Telephone:  (212) 940-3000
Facsimile:   (212) 940-3111
ddrebsky@nixonpeabody.com
cdesiderio@nixonpeabody.com

COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

AND

COUNSEL FOR
ALLEGED DEBTOR
(UNDER PENDING APPLICATION)

Z:\Jt Admin Mot 20140622.doc