# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND, LONDON, AND LEXINGTON DIVISIONS

IN RE:                                                CHAPTER 11

LICKING RIVER MINING, LLC, *et al.*                  CASE NO. 14-10201

DEBTORS IN POSSESSION                                JOINTLY ADMINISTERED

---

**ORDER (A) APPROVING BIDDING PROCEDURES AND RELATED DEADLINES;
(B) SCHEDULING DATE AND TIME FOR SALE HEARING; (C) APPROVING FORM
AND MANNER OF NOTICE OF SAME; (D) APPROVING FORM AND MANNER OF
NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OR REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES AND
RELATED CURE CLAIMS; AND (E) APPROVING SHORTENED NOTICE AND
EXPEDITED HEARING ON THE SAME**

---

This matter is before the Court on the Motion (the "Bidding Procedures Motion")[1] of

Licking River Resources, Inc., Licking River Mining, LLC, S. M. & J., Inc., J.A.D. Coal

Company, Inc., Fox Knob Coal Co., Inc., U.S. Coal Corporation, Harlan County Mining, LLC,

Oak Hill Coal, Inc., Sandlick Coal Company, LLC, and U.S. Coal Marketing, LLC, as debtors

and debtors in possession (collectively, the "Debtors"), by counsel, for an Order (A) approving

bidding procedures and related deadlines; (B) scheduling the date and time for a final sale

hearing; (C) approving the form and manner of service of notice of the sale hearing, bidding

procedures, and deadlines pursuant to Fed. R. Bankr. P. 2002, 6004, and 6006; (D) approving the

form and manner of service of notice of the proposed assumption and assignment or rejection of

certain executory contracts and unexpired leases and related procedures for determination of cure

claims and (E) approving shortened notice and expedited hearing on the same. Unless otherwise

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding
Procedures attached hereto as Exhibit A or, if not defined in Exhibit A, then as defined in the Bankruptcy
Code, unless the context clearly requires otherwise.

1

defined herein, capitalized terms in this Order (the "<u>Bidding Procedures Order</u>") shall be given the same meaning accorded to such terms in the Bidding Procedures Motion, and if not defined in therein, then as defined in the United States Bankruptcy Code, unless the context clearly requires otherwise.  The Court has considered the entire record in these proceedings to date.

Based on the foregoing, and after due deliberation and good sufficient factual and legal cause appearing therefor, the Court Finds and Orders as follows:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for relief sought herein include 11 U.S.C. §§ 105(a), 363, and 365, Fed. R. Bankr. P. 2002, 6004, and 6006.

2.      An expedited hearing on the Bidding Procedures Motion is warranted and necessary under the circumstances.  Due and proper notice has been given to all necessary parties with respect to the Bidding Procedures Motion and all matters addressed in this Bidding Procedures Order.

3.      The Debtors have shown good and sufficient business reasons for the relief requested in the Bidding Procedures Motion and have exercised prudent and reasonable business judgment with respect thereto.

4.      The Bidding Procedures and Bidding Deadlines as attached hereto in <u>Exhibit A</u> be and hereby are APPROVED.  The Debtors are authorized to proceed with the Sale Process as described in, and in accordance with, the Bidding Procedures.  The Debtors, in consultation with

4841-1490-4097.5

the Licking River Lenders,[2] the JAD Lenders,[3] and the Committee, may extend the Bidding

Deadlines or modify the Bidding Procedures without further Order of this Court; provided,

however, that the Debtors may not materially modify the Bidding Procedures (other than

extension of any deadlines) without the approval of the Committee.

5.      On or before **January 26, 2015**, any party asserting a right to credit bid under

section 363(k) of the Bankruptcy Code (a "Credit Bid Party") including, without limitation, the

Licking River Lenders and the JAD Lenders, shall file a notice of right to credit bid with the

Bankruptcy Court setting forth (a) the Assets to which it asserts a right to credit bid, (b) the

amount of its claim to which it asserts a right to credit bid on the Assets and the components of

that claim (i.e., principal, accrued interest and any other charges), and (c) evidence of its secured

status on any Assets to which it asserts a right to credit bid (a "Credit Bid Notice").  Any

objections to a Credit Bid Notice shall be filed on or before **February 6, 2015**.  If a party timely

files an objection to a Credit Bid Notice, this Court shall hold a hearing to consider the rights,

circumstances and any conditions on the right of Credit Bid Party to submit a credit bid on

**February [__], 2015 at [____] a.m./p.m.**

6.      Within three (3) business days after the entry of this Bidding Procedures Order,

the Debtors shall serve via electronic mail or first-class U.S. mail, postage prepaid, the Notice of

Sale and Bidding Procedures in the form attached hereto as <u>Exhibit B</u> on the following entities:

(i) all parties that express interest to the Debtors or their advisors in connection with the

marketing and sale process for the Assets, and (ii) all creditors and parties in interest pursuant to

Fed. R. Bankr. P. 6004(a), 6004(c), 6006(c) and 9014 and the case management procedures in

---

[2]    The "Licking River Lenders" are collectively, East Coast Miner, LLC, East Coast Miner II LLC, Michael
Goodwin, and Keith Goggin.

[3]    The "JAD Lenders" are collectively, the estate of Aubra Paul Dean, Carl E. McAfee and Julia McAfee, and
Dean McAfee Holdings, LLC.

place in these bankruptcy proceedings.  Service pursuant to Fed. R. Bankr. P. 6004(a), 6004(c),

6006(c) and 9014 on those parties not receiving electronic notice shall be by first-class U.S. mail,

postage prepaid, addressed to the business addresses of such persons appearing in the Debtors'

records, notwithstanding Fed. R. Bankr. P. 9014.  Pursuant to Fed. R. Bankr. P. 2002, service of

the Bidding Procedures and Sale Notice attached hereto as <u>Exhibit B</u> in the manner set forth

herein shall constitute good and sufficient notice of the Bidding Procedures, the Auction, this

Bidding Procedures Order, and the Sale Hearing (and any proceedings to be held thereon or

related thereto) on all known creditors and parties in interest, including persons entitled to

service pursuant to Fed. R. Bankr. P. 2002, 6004(a), 6004(c), 6006(c) and 9014.  The form of

Sale Notice attached as <u>Exhibit B</u> is hereby approved as adequate and sufficient notice.

       7.      Within three (3) business days after entry of this Bidding Procedures Order, the

Debtors shall serve, via first-class U.S. mail, postage prepaid, or electronic mail, upon all parties

(the "<u>Counterparties</u>") to all known Executory Contracts and Unexpired Leases (the "<u>Contracts</u>

<u>and Leases</u>") that are subject to possible assumption and assignment in connection with the Sale

a notice (the "<u>Cure Claim Notice</u>"), substantially in the form attached hereto as <u>Exhibit C</u>, of

(a) the JAD Debtors' possible intention to assume and assign the Contracts and Leases as part of

the Sale Process to any Successful Bidder(s); (b) a schedule of the Contracts and Leases with the

exact amount associated with each Contract and Lease that the JAD Debtors believe is required

to be cured under 11 U.S.C. § 365 (the "<u>Cure Amounts</u>"); and (c) the procedures and deadlines

for filing objections to the assumption and assignment of the Contracts and Leases, including any

objections to proposed Cure Amounts.  Service pursuant to Fed. R. Bankr. P. 6006(c) and 9014

on those parties not receiving electronic notice shall be by first-class U.S. mail, postage prepaid,

addressed to the addresses of such persons appearing in the Debtors' records notwithstanding

4

Fed. R. Bankr. P. 9014.  The form of Cure Claim Notice attached hereto as <u>Exhibit C</u> is hereby approved.

8.     Nothing contained in this Bidding Procedures Order shall be deemed to deprive any party of the right to timely object to future Sale Motion(s), all of which rights are expressly reserved.

9.     The Sale Hearing to consider the sale of substantially all of the JAD Debtors' Assets, including assumption and assignment of Contracts and Leases, shall be held on **February [27], 2015, at 9:30 a.m.** in the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Third Floor, Lexington, Kentucky.  All Sale Motion(s) shall be filed on or before **February 11, 2015**, and the Debtors shall file a supplement to the Sale Motion(s) providing notice of the Successful Bidder(s) for the Assets on or before **February 24, 2015**.

10.     The filing of Sale Motion(s) on or before **February 11, 2015** along with the Notice of the Sale Hearing approved as part of the Bidding Procedures provides sufficient and adequate notice of the Sale Motion(s) and of the Sale Hearing on February 27, 2015 under the circumstances, and such Notice is approved in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court.

11.     Objections, if any, to the Sale Motion(s) and to proposed Cure Amounts shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules and orders of this Court, shall set forth (i) the specific nature of the objector's claims against or interests in the Debtors' Estates; (ii) the basis for the objection, and (iii) the specific grounds therefore; and shall be filed and served so as to be received on or before **February 25, 2015 at 3:00 p.m. Eastern Time** (the

"Objection Deadline").  Any person that does not comply with this paragraph shall not be heard at the Sale Hearing.  The failure of any objecting person or entity to file its Objection(s) by the Objection Deadline and in accordance with the Sale Notice will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection (including the sale of Assets and assumption and assignment of Contracts and Leases free and clear of all liens, claims and encumbrances).

12.    Nothing in this Bidding Procedures Order, the Bid Procedures, the Bidding Procedures and Sale Notice, the Cure Claim Notice or otherwise shall or shall be construed to modify, impair, or adversely affect in any way any of the liens, claims, rights, protections and interests of the Licking River Lenders as set forth in (i) the Final Order (I) Authorizing Post Petition Use of Cash Collateral, (II) Granting adequate Protection to the Licking River Lenders and (III) Granting Related Relief (the "Final Cash Collateral Order") [Docket No. 447] and (ii) the Loan Documents (as such term is defined in the Final Cash Collateral Order), including, without limitation, the rights of the Licking River Lenders to submit a credit bid up to the full amount of the Secured Obligations (as defined in the Final Cash Collateral Order) in accordance with Section 363(k) of the Bankruptcy Code pursuant to the procedures set forth herein, nor shall anything herein modify, impair, or adversely affect in any way the rights of the Committee under the Final Cash Collateral Order or any "adequate protection" order entered by this Court including, without limitation, Paragraph 21 of the Final Cash Collateral Order.

13.    The Debtors shall hold the net proceeds of the sale of the Assets in escrow and shall not be entitled to use such proceeds without further order of this Court.

14.    The Court shall retain jurisdiction to hear and determine all matters arising from and related to the implementation of the Bidding Procedures Motion and the Sale Process.

4841-1490-4097.5

Tendered by:

DELCOTTO LAW GROUP PLLC


/s/ Amelia Martin Adams, Esq.
KY Bar No. 93038
Laura Day DelCotto, Esq.
KY Bar No. 81763
200 North Upper Street
Lexington, KY 40507
Telephone:    (859) 231-5800
Facsimile:    (859) 281-1179
aadams@dlgfirm.com
ldelcotto@dlgfirm.com
and

NIXON PEABODY LLP


/s/ Dennis J. Drebsky, Esq.
NY Bar No. 4350633
Christopher M. Desiderio, Esq.
NY Bar No. 1181007
437 Madison Avenue
New York, NY 10022-7039
Telephone:  (212) 940-3000
Facsimile:  (212) 940-3111
ddrebsky@nixonpeabody.com
cdesiderio@nixonpeabody.com

COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

**Pursuant to KYEB LBR 9022-1(b), tendering counsel
shall cause a copy of this Order to be served on all
non-ECF parties entitled to notice and shall file a
certificate of service stating the names, manner and
date of service within 7 days of the entry hereof.**


Z:\Bid Procedures Not Filing Rev'd Proc & Sale Timeline Ex A (Clean PO).docx

4841-1490-4097.5

## BIDDING PROCEDURES ORDER EXHIBIT A

## BIDDING PROCEDURES FOR SOLICITATION AND SELECTION OF HIGHEST AND BEST QUALIFIED BIDDER(S) IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL THE ASSETS OF DEBTORS

These Bidding Procedures shall govern the sale of substantially all the Assets of J.A.D. Coal Company, Inc. ("JAD"), Fox Knob Coal Co., Inc. ("Fox Knob"), and Sandlick Coal Company, LLC ("Sandlick" and together with JAD and Fox Knob, the "JAD Debtors") including certain Executory Contracts and Unexpired Leases.

**A.**    **Assets to be Sold.**

The "Assets" to be sold consist of substantially all assets, real, personal, mixed, tangible and intangible, connected with the going-concern operations of the JAD Debtors' coal mining business, including but not limited to, and as may be more further negotiated or changed with any Qualified Bidder:

(i)    all buildings and improvements owned by any of the JAD Debtors and any related leasehold rights of the JAD Debtors in such related Unexpired Leases that are assumed and assigned;

(ii)    any contractual rights of the JAD Debtors relating to such mining operations as are assumed and assigned;

(iii)    all equipment, fixtures and other personal property of the JAD Debtors' relating to such mining operations;

(iv)    all coal inventories of the JAD Debtors relating to such mining operations;

(v)    all other inventories on hand relating to such mining operations or otherwise owned by the JAD Debtors on the date of Closing;

(vi)    copies of property records relating solely to the mining operations, and copies of certain personnel and payroll records relating solely to the employees who were employed by the JAD Debtors immediately prior to the Closing;

(vii)    all necessary contracts not described above;

(viii)    all necessary permits to the extent transferable; and

(ix)    all trucks, trailers, and related motor vehicle equipment owned by the JAD Debtors.

A detailed description and information regarding the Assets can be obtained by any Potential Bidder (as defined herein) through the general process described in Section B below.

8

It is the Debtors' intention to sell substantially all of the JAD Debtors' Assets as a going concern pursuant to the Bidding Procedures.

While it is their intention to sell substantially all of the JAD Debtors' Assets together as opposed to any piecemeal sale process the Debtors will entertain any final written offers for less than substantially all of the JAD Debtors' Assets pursuant to the Bidding Procedures.

Pursuant to these Bidding Procedures and 11 U.S.C. §§ 363 and 365, the JAD Debtors' Assets shall be sold free and clear of all liens, claims, rights, interests, and encumbrances, other than liabilities expressly assumed by the Successful Bidder(s) (as defined below), pursuant to final orders of the United States Bankruptcy Court for the Eastern District of Kentucky (the "Court").

The JAD Debtors' Assets shall be sold without warranty or representation of any kind or nature, and are being purchased by the Successful Bidder(s) (as defined below) "as is – where is" and "with all faults."

**B.    Due Diligence/Confidentiality.**

(i)    **Generally**.    The Debtors shall provide potential bidders that have delivered to the Debtors an executed confidentiality agreement in form and substance acceptable to the Debtors (each a "Potential Bidder") reasonable access to the JAD Debtors' books and records, facilities, officers, and locations for the purpose of conducting due diligence.    The Debtors will also consider reasonable requests to communicate with employees.    The information shall be available upon written request to John Collins at the Debtors' main office, with a copy to the Debtors' legal counsel, Nixon Peabody LLP and DelCotto Law Group PLLC ("Counsel").    Contact information is set forth in Section M below.    The Debtors shall, in good faith, attempt to resolve any dispute arising from such a decision of the Debtors to exclude any requested due diligence information, and any unresolved disputes shall be presented to the Court for resolution.

(ii)    **Executory Contracts and Unexpired Leases**.    Available from the Debtors and/or their Counsel will be copies of all known Unexpired Leases and Executory Contracts which the Debtors believe are available for consideration of possible assumption and assignment by the Qualified Bidder(s), which shall also include the Debtors' calculation of the amounts they believe must be paid to cure all defaults under each of the Unexpired Leases and Executory Contracts that are to be assumed and assigned to a Qualified Bidder (each a "Cure Amount").    PLEASE NOTE THAT CERTAIN CONTRACTS AND LEASES MAY BE SUBJECT TO OBJECTION AS TO WHETHER SAME CAN BE ASSUMED AND ASSIGNED.

The Debtors shall consider all reasonable requests for additional information.

**C.    Summary of Bidding Procedures for the JAD Debtors' Assets.**

Bidding for the JAD Debtors' Assets, whether on a going concern or piecemeal basis *as a going concern* shall take place in two stages: (1) the "Initial Bid" Stage, and (2) the "Auction Bid" Stage.    The **Initial Bid Deadline** shall be **February 9, 2015, at 5:00 p.m. EST**, by which

9

time all Potential Bidder(s) shall have submitted all information required in Section D below to (i) the Debtors and (ii) the Committee of Unsecured Creditors (the "Committee"), the Licking River Lenders[1] and the JAD Lenders[2] (collectively, the "Consulting Parties"), with each complete Bid package to be considered an "Initial Bid." Any Potential Bidders who submit an Initial Bid are hereafter referred to as "Initial Bidders."

### D.       Initial Bid Requirements.

In order to qualify as an Initial Bid, a Bid must:

(i)       be in writing;

(ii)       be accompanied by an executed copy of an asset purchase agreement in a form reasonably suitable to the Debtors and the Consulting Parties, which agreement shall not be subject to any due diligence or financing contingency, and which shall contain all exhibits indicating which Executory Contracts and Unexpired Leases are to be assumed and assigned in connection with the Sale contemplated by the Bid;

(iii)       With respect to any bid on real property (whether fee simple or leased), and any bid for the permits relating to such real property, such asset purchase agreement shall contain an express acknowledgement that the JAD Debtors have bonded obligations in connection with certain of the JAD Debtors' Assets, including but not limited to some of the real property, permits and executory contracts/unexpired leases, which bonded obligations are integral to the ownership of the asset and/or participation as a counter-party to the respective executory contract/ unexpired lease. The JAD Debtors' coverage under the various bonds may not be transferrable, assumable or assignable without Lexon's consent and the parties reserve all rights with respect thereto.  The purchase of an asset or the assumption of an executory contract/unexpired lease that is subject to a bonded obligation may require the Potential Bidder to agree to assume the bonded obligation and replace the existing bond. For the purposes of clarity, this requirement is not applicable to any bid on that excludes all real property from the assets to be acquired;

(iv)(a) to the extent that the Bid includes a cash purchase price for the JAD Debtors' Assets (in each case, a "Bid Purchase Price"):

(1)       be accompanied by satisfactory evidence, in the opinion of the Debtors in consultation with their professionals and the Consulting Parties, of committed financing or other confirmable fiscal wherewithal to consummate the transactions proposed in the Bid; and

---

[1]  The "Licking River Lenders" are collectively, East Coast Miner LLC, East Coast Miner II LLC, Michael Goodwin and Keith Goggin.

[2]  The "JAD" Lenders are collectively the estate of Aubra Paul Dean, Carl E. McAfee and Julia McAfee, Dean McAfee Holdings, LLC.

4841-1490-4097.5

(2) be accompanied by a good-faith deposit in an amount equal to no less than five percent (5%) of the Bid Purchase Price (the "Bid Deposit"), in the form of a bank draft or wire transfer paid to the escrow account of Counsel;

(b) to the extent that the Bid is made to purchase any or all of the JAD Debtors' Assets by assuming any portion of the Debtors' debts:

(1) provide specific terms for the repayment of the such debts;

(2) include the Initial Bidder's current financial statements and most recent tax returns;

(3) include five (5) year financial projections indicating the Initial Bidder's ability to satisfy the repayment obligations of the debts, in addition to all other ongoing business expenses and financial obligations;

(4) specifically state whether a part of the Bid includes a personal guaranty of the debts, and if such a guaranty is proposed, provide the identity of the proposed guarantor, the guarantor's current financial statements, and the guarantor's most recent tax return; and

(v) to the extent that the Initial Bidder is an entity, describe with particularity any capital infusions to be made into the entity in conjunction with the Bid, including, but not limited to, the repayment terms of any such capital infusion if such infusion is in the form of a loan to the entity;

(vi) provide that such Initial Bidder's offer is irrevocable until the closing of the sale of the Assets if such Potential Bidder is a Successful Bidder or a Reserve Bidder (each as defined below);

(vii) affirmatively state that the Initial Bidder will fully and completely comply with these Bidding Procedures; and

(viii) affirmatively state that the initial Bidder is prepared to consummate and close the transaction on or before March 15, 2015.

All Initial Bids must also be submitted so as to be actually received by the Debtors, Counsel, and the Consulting Parties, on or before the Initial Bid Deadline, **February 9, 2015, at 5:00 p.m. EST**.  Initial Bids should be submitted via email to the Debtors, Counsel and counsel to the Consulting Parties to the addresses listed in Section M below.  Additionally, two hard copies of each Initial Bid must also be submitted via hand delivery, first-class U.S. mail, or other acceptable form of parcel delivery, postage prepaid, to Counsel at the address listed in Section M below.

The Debtors, acting in consultation with their professionals, and the Consulting Parties, shall determine whether an Initial Bidder is a Qualified Bidder; provided, however, that the Court shall have the authority to adjudicate any dispute on whether an Initial Bidder is a Qualified Bidder.  In order to be a "Qualified Bidder," such Bidder must have submitted an Initial Bid including all information required by these Bidding Procedures by the Initial Bid Deadline.  The Licking River Lenders and the JAD Lenders are Qualified Bidders.

**The Debtors reserve the right to reject any Bid.  Moreover, following consultation with their professionals and the Consulting Parties, the Debtors reserve all rights to waive compliance with any identified requirement for a Bid to qualify as a Qualified Bid on any reasonable basis.**

E.     **Bid Review.**

(i)     **Initial Bid**.  If the Debtors receive more than one Qualified Bid, the Debtors will review all Qualified Bids, in consultation with the Consulting Parties, to determine which Bid represents the "highest and best" offer to purchase the Assets as of that date.  The Debtors anticipate that the "highest and best" Qualified Bid shall be deemed the Initial Bid for the JAD Debtors' Assets identified in the Qualified Bid.  On or before **February 11, 2015**, the Debtors will file a notice with the Court identifying the assets to be transferred and all material terms of the transaction contemplated in the Initial Bid.  **Each Initial Bid shall be subject to higher and better bids.**  The Debtors shall be under no obligation to designate and name an Initial Bid or accept any Initial Bid(s) for any or all of the JAD Debtors' Assets.

(ii)     **Competing Bid Selection Process**.

If the Debtors receive more than one Qualified Bid, the Debtors will hold an auction (the "Auction") on **February 20, 2015**, with prior notice to all Qualified Bidder(s) at a time and location to be announced.

In order to participate in the Auction, all Qualified Bidder(s) must appear in person at the Auction, or through a duly authorized representative.  In addition to Qualified Bidder(s) (along with their advisors and counsel), only representatives of the Debtors, Counsel, the Consulting Parties (along with their advisors and counsel) and the Office of the United States Trustee shall be entitled to be present at the Auction.  The Debtors will arrange for a stenographic record of the Auction to be made.  Each Qualified Bidder shall be required to confirm that it has not engaged in any actions that would be considered inconsistent with these Bidding Procedures or fundamentals of fairness with respect to the bidding or the Assets.

The Auction shall be conducted in rounds, in any order that the Debtors, in consultation with the Consulting Parties, determine.  The Debtors reserve the right to aggregate Qualified Bids for piecemeal assets and compare such aggregated Qualified Bids with Qualified Bids for substantially all of the Assets in determining the then-current best Bid.  The Debtors may return to an auction for any portion of the Assets at any time, until they have determined and named Successful Bidder(s) (as defined herein) for all of the Assets.  At the end of every round, the Debtors, after consultation with their professionals and the Consulting Parties, shall declare the highest or otherwise best Bid(s) at that time for the Assets then under consideration.

12

Upon a determination by the Debtors that no further higher or otherwise best bid(s) have been received, the Debtors may conclude the Auction. At the conclusion of the Auction, the Debtors, in consultation with their professionals, shall determine which Qualified Bid is the highest and best bid (a "Successful Bid"), and the next highest and best Qualified Bid submitted at the Auction (a "Reserve Bid"). The Qualified Bidder(s) submitting the Successful Bid(s) shall become "Successful Bidder(s)," and the Qualified Bidder(s) submitting the Reserve Bid(s) shall become "Reserve Bidder(s)," subject to approval of the Court at the Sale Hearing. The Auction results will then be filed in the Court record on or before **February 24, 2015**.

The Debtors, acting in consultation with their professionals and the Consulting Parties, reserve the right to approach any Bidder(s) and seek clarification of bids at any time, including without limitation, inviting Bidder(s) to communicate with other Bidder(s) if such communication would be beneficial to the Auction.

**Nothing herein shall preclude the Debtors, in consultation with their professionals and the Consulting Parties, from modifying any of the aforementioned procedures for conducting the Auction.**

### F.    Credit Bidding

On or before **January 26, 2015**, any party asserting a right to credit bid under section 363(k) of the Bankruptcy Code (a "Credit Bid Party"), shall file a notice of right to credit bid with the Court setting forth (a) the Assets to which it asserts a right to credit bid, (b) the amount of its claim to which it asserts a right to credit bid on the Assets and the components of that claim (i.e., principal, accrued interest and any other charges), and (c) evidence of its secured status on any Assets to which it asserts a right to credit bid (a "Credit Bid Notice"). Any objections to a Credit Bid Notice shall be filed on or before **February 6, 2015**. If a party timely files an objection to a Credit Bid Notice, the Court shall hold a hearing to consider the rights, circumstances and any conditions on the right of Credit Bid Party to submit a credit bid on **February [__], 2015 at [_____] a.m./p.m.**

### G.    Modification of Bid Procedures

The Debtors may amend or alter the sales process, bid requirements, auction procedures and/or timing, in consultation with the Consulting Parties, in order to maximize the returns realized by any such sale without further order of the Court; *provided, however,* that the Debtors may not materially modify the Bidding Procedures (other than extension of any deadlines) without the approval of the Committee.

### H.    Return of Deposits to Qualified Bidder(s).

The Bid Deposit(s) of the Successful Bidder(s) shall be applied to the Successful Bidder(s)' obligations under the Successful Bid(s) upon closing of the transactions contemplated thereby. If a Successful Bidder(s) fails to close the transactions contemplated by the Successful Bidder, then such Successful Bidder(s) shall indefeasibly forfeit its Bid Deposit(s).

The Bid Deposit(s) of the Reserve Bidder(s) shall be returned to the Reserve Bidder(s) upon closing of the transactions contemplated by the Successful Bidder; *provided*, *however*, that

if the Successful Bidder(s) fail to close the transactions when and as provided in the Successful Bid(s), then the Deposit(s) of the Reserve Bidder(s) shall be applied to the Reserve Bidder(s)' obligations under the Reserve Bid(s) upon closing of the transactions contemplated thereby. If a Reserve Bidder(s) fails to close the transactions contemplated by a Reserve Bid(s), then such Reserve Bidder(s) shall forfeit their Bid Deposit(s).

All other Bid Deposit(s) shall be returned within five (5) business days after the conclusion of the Sale Hearing and/or three (3) business days after entry of a Sale Order, whichever is longer.

The Debtors reserve all their rights regarding any return of Bid Deposit(s), and failure by the Debtors to timely return any Deposit(s) shall not serve as a claim for breach of any bid(s) or create any default in favor of any Bidder(s).

## I.    **Free of Any and All Interests.**

Except as otherwise provided in the Successful Bidder's APA and subject to the approval of the Court, all of JAD Debtors' right, title and interest in and to the Assets subject thereto shall be sold free and clear of all liens, claims, rights, interests, and encumbrances to the maximum extent permitted by section 363 of the Bankruptcy Code, with all such liens, claims, rights, interests, and encumbrances to attach to the net proceeds of the sale of the Assets with the same validity and priority as such liens, claims, rights, interests, and encumbrances applied against the Assets.  The Debtors shall hold such proceeds in escrow and shall not be entitled to use such proceeds without the consent of the Licking River Lenders or the JAD Lenders, as applicable or further order of the Court.

## J.    **Sale Hearing.**

The Sale Hearing will be held on **February [27], 2015, at 9:30 a.m.** in the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Third Floor, Lexington, Kentucky.  At the Sale Hearing, the Debtors will seek the entry of an order or orders (the "Sale Order(s)") approving and authorizing the proposed Sale to the Successful Bidder(s).

## K.    **Retention of Necessary Books and Records.**

Upon completion of any Court-approved Sale, the Debtors will maintain copies of the Debtors' books and records that the Debtors determine are necessary to complete the administration of their bankruptcy cases.  In addition, any Successful Bidder(s) (as defined below) will be asked and required to cooperate with the Debtors in good faith in the event that the Debtors need any other records after the Closing that are in the possession of the Successful Bidder(s).

## L.    **Closing.**

The closing of any sale of the Assets (the "Closing") will occur in accordance with the terms of each Successful Bidder's APA, and shall occur no later than **March 15, 2015**, unless otherwise approved by the Court.

14

     **M.**    **Contact Information**.    All contact made with respect to these Bidding Procedures shall be made via the following:

| Debtors | Debtors' Counsel |
|---|---|
| John A. Collins<br>Chief Executive Officer<br>U.S. Coal Corporation<br>101 Helm Street, Suite 150<br>Lexington, Kentucky 40505<br>Telephone: (606) 743-7891<br>jcollins@uscoalcorporation.com<br><br>Michael P. Windisch<br>Chief Financial Officer<br>U.S. Coal Corporation<br>101 Helm Street, Suite 150<br>Lexington, Kentucky 40505<br>Telephone: (859) 223-8820<br>mwindisch@uscoalcorporation.com | Laura Day DelCotto, Esq.<br>Amelia Martin Adams, Esq.<br>DelCotto Law Group PLLC<br>200 North Upper Street<br>Lexington, Kentucky 40507<br>Telephone: (859) 231-5800<br>Facsimile: (859) 281-1179<br>ldelcotto@dlgfirm.com<br>aadams@dlgfirm.com<br><br>Dennis J. Drebsky<br>Christopher M. Desiderio<br>Nixon Peabody LLP<br>437 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 940-3085<br>Facsimile: (866) 596-3967<br>ddrebsky@nixonpeabody.com<br>cdesiderio@nixonpeabody.com |

| Financial Advisor to the Debtors | Counsel to the Official Committee of Unsecured Creditors (the "Committee") |
|---|---|
| Evan Blum<br>GlassRatner Advisory &<br>Capital Group LLC<br>One Grand Central Place<br>60 East 42nd St., Suite 1062<br>New York, NY 10165<br>Telephone: (212) 922-2108<br>Facsimile: (888) 437-6498<br>eblum@glassratner.com | Geoffrey S. Goodman<br>Foley & Lardner LLP<br>321 North Clark Street Suite 2800<br>Chicago, IL 60654-5313<br>Telephone: (312) 832-4514<br>Facsimile: (312) 832-4700<br>ggoodman@foley.com<br><br>Kent Barber<br>Barber Law PLLC<br>420 Merribrook Court<br>Lexington, KY 40503<br>Telephone: (606) 776-6866<br>kbarber@barberlawky.com |

| **Counsel to the JAD Lenders** | **Counsel to the Licking River Lenders** |
|---|---|
| Joseph Scott<br>Gregory D. Pavey<br>Stoll Keenon Ogden PLLC<br>300 West Vine Street, Suite 2100<br>Lexington, Kentucky 40507-1801<br>Telephone: (859) 231-3000<br>Facsimile: (859) 246-3691<br>joseph.scott@skofirm.com<br>gregory.pavey@skofirm.com | Michael Luskin<br>Alex Talesnick<br>Luskin, Stern & Eisler LLP<br>Eleven Times Square<br>New York, NY 10036<br>Telephone: (212) 597-8200<br>Fax: (212) 974-3205<br>luskin@lsellp.com<br>talesnick@lsellp.com |

**Please direct any questions regarding the foregoing Bidding Procedures to Debtors'
Counsel.**

16

**BIDDING PROCEDURES ORDER EXHIBIT B**

[Notice to All Creditors and Parties in Interest]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND, LONDON, AND LEXINGTON DIVISIONS

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LICKING RIVER MINING, LLC, *et al.* | CASE NO. 14-10201 |
| DEBTORS IN POSSESSION | JOINTLY ADMINISTERED |

---

**NOTICE OF APPROVAL OF BIDDING PROCEDURES FOR SALE OF
SUBSTANTIALLY ALL OF THE ASSETS OF J.A.D. COAL COMPANY, INC.,
FOX KNOB COAL CO., INC. AND SANDLICK COAL COMPANY, LLC
DEBTORS AND SCHEDULING OF SALE HEARING AND OBJECTION DEADLINES**

---

TO ALL CREDITORS AND PARTIES IN INTEREST:

The Debtors previously filed a Motion for an Order (A) Approving Bidding Procedures and Related Deadlines: (B) Scheduling Date and Time for Sale Hearing; (C) Approving Form and Manner of Notice of Same; and (D) Approving Form and Manner of Notice of Proposed Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases, and for Cure Claims Regarding Same (the "Bidding Procedures Motion") [Doc ___].   The United States Bankruptcy Court for the Eastern District of Kentucky (the "Court) entered an order approving same (the "Bidding Procedures Order") [Doc No. ___] which approves certain bidding and auction procedures (the "Bidding Procedures") pursuant to which the Debtors will solicit bids and seek authority to sell (the "Sale Process") substantially all of the assets (the "JAD Debtors Assets") of J.A.D. Coal Company, Inc. ("JAD"), Fox Knob Coal Co., Inc. ("Fox Knob"), and Sandlick Coal Company, LLC ("Sandlick " and together with JAD and Fox Knob, the "JAD Debtors") that are the subject of Sale Motions[3] to be filed on or before **February 11, 2015.**

**NOTICE IS HEREBY GIVEN** that copies of the Bidding Procedures Motion and the Bidding Procedures Order are on file with the Clerk of the Court and may be obtained at the Debtors' claims agent website at: http://dm.epiq11.com/UCO/.

**NOTICE IS HEREBY GIVEN** that the Bidding Procedures, including instructions for submission of Qualified Bids, and Auction if there are competing Qualified Bids, govern participation in the Sale Process.  Questions and additional information regarding the Bidding

---

[3] All capitalized terms used herein and not otherwise defined have the meanings ascribed to them in Bidding Procedures Motion or, if not defined therein, then as defined in the Bankruptcy Code, unless the context clearly requires otherwise.

Procedures, along with additional information relating to the Assets and/or the Sale, may be obtained by contacting counsel for the Debtors ("Counsel"), DelCotto Law Group PLLC, 200 North Upper Street, Lexington, Kentucky, Attn: Laura Day DelCotto and Amelia Martin Adams (859) 231-5800, or by email at ldelcotto@dlgfirm.com and aadams@dlgfirm.com and Nixon Peabody LLP, 437 Madison Avenue, New York, New York 10022, Attn: Dennis J. Drebsky and Christopher M. Desiderio, (212) 940-3000, or by email at ddrebsky@nixonpeabody.com and cdesiderio@nixonpeabody.com.

**NOTICE IS HEREBY GIVEN** that the hearing to consider approval of the Sale of the Assets to the Bidder(s) submitting the highest and best offer(s) therefor shall be held on **February [27], 2015**, at 9:30 a.m. in the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Third Floor, Lexington, Kentucky.

**NOTICE IS HEREBY GIVEN** that all creditors and parties in interest will receive an additional notice of any proposed Sale Motions, which will be given on or before **February 11, 2015**, and, if necessary, an Auction will be conducted on **February 20, 2015** at a location and time to be determined**.** Objections to the Sale Motions shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules and order of this Court, shall set forth (i) the nature of the objector's claims against or interests in the Debtors' bankruptcy Estates; (ii) the basis for the objection; (iii) the specific grounds therefor; and (iv) all evidence in support of said objection, and shall be filed and served so as to be received on or before **February 25, 2015**. Any party that does not comply with this paragraph shall not be heard at the Sale Hearing.

**NOTICE IS FURTHER HEREBY GIVEN** that any inquiries regarding information contained in this Notice should be directed to Counsel for the Debtors.

Dated: _____

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Amelia Martin Adams, Esq.
KY Bar No. 93038
Laura Day DelCotto, Esq.
KY Bar No. 81763
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:  (859) 281-1179
aadams@dlgfirm.com
ldelcotto@dlgfirm.com

and

4841-1490-4097.5

NIXON PEABODY LLP

/s/ Dennis J. Drebsky, Esq.
NY Bar No. 1181007
Christopher M. Desiderio, Esq.
NY Bar No. 4350633
437 Madison Avenue
New York, NY 10022-7039
Telephone:  (212) 940-3000
Facsimile:  (212) 940-3111
ddrebsky@nixonpeabody.com
cdesiderio@nixonpeabody.com
COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION

4841-1490-4097.5

**BIDDING PROCEDURES ORDER EXHIBIT C**
[Notice to Executory Contracts and Lease Parties]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND, LONDON, AND LEXINGTON DIVISIONS

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LICKING RIVER MINING, LLC, *et al.* | CASE NO. 14-10201 |
| DEBTORS IN POSSESSION | JOINTLY ADMINISTERED |

---

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND LEASES.  (II) REQUIREMENTS TO PROVIDE INFORMATION
AS TO CURE AMOUNTS, (III) PROCESS FOR DETERMINING CURE AMOUNTS
WITH RESPECT TO EXECUTORY CONTRACTS AND LEASES TO BE ASSUMED
AND ASSIGNED, AND (IV) SALE HEARING AND OBJECTION DEADLINES**

---

TO ALL KNOWN PARTIES TO EXECUTORY CONTRACTS AND LEASES:

Pursuant to the Order (A) Approving Bidding Procedures and Related Deadlines; (B) Scheduling Date and Time for Sale Hearing; (C) Approving Form and Manner of Notice of Same; and (D) Approving Form and Manner of Notice of Proposed Assumption and Assignment or Rejection of Executory Contracts and/or Unexpired Leases and Related Cure Claims (the "Bidding Procedures Order") [Doc ___], the Debtors hereby provide notice that the Executory Contracts and/or Unexpired Leases listed on Exhibit A hereto may be assumed by the Debtors and/or assigned pursuant to 11 U.S.C. § 365, to the person(s) submitting the highest and best offer(s) for the Assets[1] or any portion thereof pursuant to the Bidding Procedures approved under the Bidding Procedures Order (any such person(s) is/are referred to below as an "Assignee").

**NOTICE IS HEREBY GIVEN** that opposite the name of each non-Debtor party to an Executory Contract or Unexpired Lease on Exhibit A is the dollar amount that the Debtors believe is necessary to cure any defaults under any such contract or lease to which such non-Debtor is a party (as to each such respective Executory Contract and Unexpired Lease, the "Cure Amount").

**NOTICE IS HEREBY GIVEN** that if you object or disagree with the Cure Amount listed for you on Exhibit A, you should contact John Collins or Michael Windisch at the Debtors' office via email at jcollins@uscoalcorporation.com or mwindisch@uscoalcorporation.com to

---

[1] Any capitalized terms not otherwise defined herein shall have the meanings given to them in the Debtors' Motion for an Order (A) Approving Bidding Procedures and related Deadlines; (B) Scheduling Date and Time for Sale Hearing; (C) Approving Form and Manner of Notice of Same; and (D) Approving Form and Manner of Notice of Proposed Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases and Related Cure Claims [Doc ___].

provide additional information and seek to negotiate an agreed-upon Cure Amount prior to the Objection Deadline below.

**NOTICE IS HEREBY GIVEN** that the Debtors will file a Sale Motion(s) on or before **February 11, 2015**, which will further specify the proposed Assignee for your Contract or Lease, or proposed rejection of same, which as of this date has not yet been identified.  You will receive additional notice at that time of the Motions, including the treatment of your Contract or Lease.  If the proposed Assignee changes after the Auction to be conducted on **February 20, 2015**, if necessary, you will receive additional notice.

**NOTICE IS HEREBY GIVEN** that a Sale Hearing to consider all sales, including any assignments, is scheduled for **February [27], 2015**, at 9:30 a.m. in the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Third Floor, Lexington, Kentucky.

**NOTICE IS HEREBY GIVEN** that if you object to (a) the stated Cure Amount listed on Exhibit A and have not resolved same consensually with the Debtors in writing, or (b) the assumption and/or assignment of a specific Unexpired Lease or Executory Contract to any proposed Assignee, then the Objection Deadline for filing and serving a written objection outlining your positions is **February 25, 2015 at 3:00 p.m**.

**NOTICE IS HEREBY GIVEN** that any objections: (a) shall be in writing; (b) shall conform to the Bankruptcy Rules and the Local Rules and Standing Orders of this Court; (c)(i) shall set forth why you object to such Cure Amount and what cure amount you believe is required, (ii) shall provide sufficient documentation to support the cure amount you assert, (iii) if you object to assumption and/or assignment of a given Executory Contract or Unexpired Lease, the reasons why you object; and (d) shall be filed and served so as to be received on or before **February 25, 2015 at 3:00 p.m**.  If no objection is timely filed with respect to a given Cure Amount, the Cure Amount set forth herein for such Executory Contract or Unexpired Lease shall be binding upon the non-Debtor party to such Executory Contract or Unexpired Lease.  All non-Debtor parties that file a timely objection which is not resolved prior to the Sale Hearing are required to appear at the Sale Hearing on **February [27], 2015, at 9:30 a.m.** for consideration of same.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Amelia Martin Adams, Esq.
KY Bar No. 93038
Laura Day DelCotto, Esq.
KY Bar No. 81763
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
aadams@dlgfirm.com
ldelcotto@dlgfirm.com

4841-1490-4097.5

and

NIXON PEABODY LLP

/s/ Dennis J. Drebsky, Esq.
NY Bar No. 1181007
Christopher M. Desiderio, Esq.
NY Bar No. 4350633
437 Madison Avenue
New York, NY 10022-7039
Telephone:  (212) 940-3000
Facsimile:  (212) 940-3111
ddrebsky@nixonpeabody.com
cdesiderio@nixonpeabody.com
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

3

**Licking River Mining, LLC et al.**
**Case No. 14-10201**
**Schedule of Known Parties to Executory Contracts and Unexpired Leases**