UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND, LONDON, AND LEXINGTON DIVISIONS

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LICKING RIVER MINING, LLC, *et al.* | CASE NO. 14-10201 |
| DEBTORS IN POSSESSION | JOINTLY ADMINISTERED[1] |

**DEBTORS' THIRD MOTION FOR AN ORDER EXTENDING
DEBTORS' EXCLUSIVITY PERIODS TO FILE PLAN AND
DISCLOSURE STATEMENT AND TO SOLICIT ACCEPTANCES THEREOF**

Come Licking River Resources, Inc., Licking River Mining, LLC, S. M. & J., Inc., J.A.D. Coal Company, Inc., Fox Knob Coal Co., Inc., U.S. Coal Corporation, Harlan County Mining, LLC, Oak Hill Coal, Inc., Sandlick Coal Company, LLC, and U.S. Coal Marketing, LLC, as debtors and debtors in possession (collectively, the "Debtors"), by counsel, and pursuant to 11 U.S.C. § 1121(d)(1), respectfully request that the Court enter an order extending the exclusivity periods within which the Debtors may: (1) file their plan and disclosure statement, through and including Wednesday, April 29, 2015, and (2) solicit acceptances of their plan, through and including Monday, June 29, 2015, without prejudice to the Debtors' rights to seek additional extensions of said exclusivity periods (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.     On May 22, 2014, an involuntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") was filed

---

[1] The Debtors whose Chapter 11 cases are being jointly administered with the case of Licking River Mining, LLC are: Licking River Resources, Inc. (Case No. 14-10203), S. M. & J., Inc. (Case No. 14-10220), J.A.D. Coal Company, Inc. (Case No. 14-60676), Fox Knob Coal Co., Inc. (Case No. 14-60619), U.S. Coal Corporation (Case No. 14-51461); Harlan County Mining, LLC (Case No. 14-52501), Oak Hill Coal, Inc. (Case No. 14-52502), Sandlick Coal Company, LLC (Case No. 14-52503), and U.S. Coal Marketing, LLC (Case No. 14-52504).

against Licking River Mining, LLC ("LR Mining"). On May 23, 2014, involuntary petitions seeking relief under Chapter 11 of the Bankruptcy Code were filed against Licking River Resources, Inc. ("LRR") and Fox Knob Coal Co., Inc. ("Fox Knob"). On June 3, 2014, an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against S. M. & J., Inc. ("SM&J"). On June 4, 2014, an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against J.A.D. Coal Company, Inc. ("JAD," and with LR Mining, LRR, Fox Knob, and SM&J, the "Subsidiary Debtors"). On June 10, 2014, an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against U.S. Coal Corporation ("U.S. Coal").[2]

2. On June 12, 2014, the Court entered an order for relief in each of the Subsidiary Debtors' bankruptcy cases. On June 27, 2014, the Court entered an order for relief in U.S. Coal's bankruptcy case. Hereinafter, these dates are collectively referred to as the "Relief Dates."

3. On June 13, 2014, the Court entered an Order [Doc 91] directing the joint administration of the Subsidiary Debtors' bankruptcy cases. On June 27, 2014, the Court entered an Order [U.S. Coal Doc 48] directing that the bankruptcy case of U.S. Coal be jointly administered with the Subsidiary Debtors' bankruptcy cases. On November 19, 2014, the Court entered an Order [Doc 658] directing that the bankruptcy cases of Harlan County Mining, LLC, Oak Hill Coal, Inc., Sandlick Coal Company, LLC, and U.S. Coal Marketing, LLC (collectively, the "Additional Debtors") be jointly administered with the Original Debtors' bankruptcy cases.

4. No trustee or examiner has been appointed in the Chapter 11 cases of any of the Debtors. An Official Committee of Unsecured Creditors (the "Committee") was appointed in the Original Debtors' bankruptcy cases on June 18, 2014 [*See* Doc 145].

---

[2] Hereinafter, the Subsidiary Debtors and U.S. Coal are collectively referred to as the "Original Debtors."

5. On September 15, 2014, the Committee filed a Motion [Doc 468] requesting, among other things, that the Court compel the Original Debtors to file Chapter 11 petitions for the Additional Debtors, which are subsidiaries of U.S. Coal.

6. On October 27, 2014, the Court entered an Order [Doc 574] that authorized, compelled, and directed the Original Debtors to file Chapter 11 petitions for the Additional Debtors. On November 4, 2014, voluntary Chapter 11 petitions were filed for each of the four Additional Debtors as directed by the Court.

7. The Debtors all continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

8. This Court has jurisdiction over all of the Debtors' Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

9. The Debtors all maintain their principal places of business in Fayette County, Kentucky. Accordingly, venue for all of the Debtors' Chapter 11 cases is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

10. Information regarding the Debtors' businesses and operations can be found in the Declaration of John Collins in Support of the Debtors' First Day Pleadings [Doc 13] and the Declaration of John Collins Regarding the Motion of the Official Committee of Unsecured Creditors for an Order Compelling the Debtors to File Chapter 11 Petitions for Non-Debtor Subsidiaries [Doc 542], which are fully incorporated herein by reference.

11. The initial exclusivity period within which the Original Debtors could file their plan and disclosure statement ran through October 10, 2014 for the Subsidiary Debtors and through October 25, 2014 for U.S. Coal. The initial exclusivity period within which the Original

3

Debtors could solicit acceptances of their plan ran through December 9, 2014 for the Subsidiary Debtors and through December 24, 2014 for U.S. Coal. Hereinafter, these periods are referred to as the "Initial Exclusivity Periods."

12.     On September 2, 2014, the Original Debtors filed their Motion for an Order Extending Debtors' Exclusivity Periods to File Plan and Disclosure Statement and to Solicit Acceptances Thereof [Doc 433] (the "Initial Extension Motion"), which requested authority to extend the Initial Exclusivity Periods.

13.     On September 19, 2014, the Court entered an Order [Doc 497] granting the Initial Extension Motion, ordering that the exclusivity period within which the Original Debtors may file their plan and disclosure statement be extended through and including Thursday, January 8, 2015, and ordering that the exclusivity period within which the Original Debtors may solicit acceptances of their plan be extended through and including Monday, March 9, 2015. Hereinafter, these periods are referred to as the "Original Debtors' First Extended Exclusivity Periods."

14.     Since the Additional Debtors' bankruptcy cases were commenced several months after the Original Debtors' bankruptcy cases, the Additional Debtors were initially subject to a different exclusivity period than the Original Debtors. The initial exclusivity period within which the Additional Debtors could file their plan and disclosure statement ran through Wednesday, March 4, 2015, and the initial exclusivity period within which the Additional Debtors could solicit acceptances of their plan ran through Sunday, May 3, 2015. Hereinafter, these periods are referred to as the "Additional Debtors' Initial Exclusivity Periods."

15.     On November 25, 2014, the Debtors filed their Second Motion for an Order Extending Debtors' Exclusivity Periods to File Plan and Disclosure Statement and to Solicit Acceptances Thereof [Doc 685] (the "Second Extension Motion"), which requested authority to

4

extend the Original Debtors' First Extended Exclusivity Periods and the Additional Debtors' Initial Exclusivity Period.

16. On December 18, 2015, the Court entered the Order [Doc 756] granting the Second Extension Motion, ordering that the exclusivity period within which all of the Debtors may file their plan and disclosure statement be extended through and including Wednesday, March 4, 2015, and ordering that the exclusivity period within which all of the Debtors may solicit acceptances of their plan be extended through and including Monday, May 4, 2015. Hereinafter, these periods are referred to as the "Current Exclusivity Periods."

## RELIEF REQUESTED

17. By this Motion, pursuant to 11 U.S.C. § 1121(d)(1), the Debtors respectfully request the entry of an order extending the exclusivity periods within which all of the Debtors may: (1) file their plan and disclosure statement, through and including Wednesday, April 29, 2015, and (2) solicit acceptances of their plan, through and including Monday, June 29, 2015. The Debtors further request that such extensions be granted without prejudice to the Debtors' rights to seek additional extensions of said exclusivity periods.

## BASIS FOR REQUESTED RELIEF

18. Section 1121(c)(2) of the Bankruptcy Code grants a Chapter 11 debtor the exclusive right to file a plan of reorganization for 120 days after the date of the order for relief, and Section 1121(c)(3) grants the debtor the exclusive right to obtain acceptance of such a plan for 180 days after the order for relief date. 11 U.S.C. §§ 1121(c)(2), (c)(3). "[O]n request of a party in interest," these periods of exclusivity can be increased by the court "for cause" under 11 U.S.C. § 1121(d)(1). Pursuant to this Section, the Debtors request that the Court grant the Debtors through and including Wednesday, April 29, 2015 to develop and file a disclosure

5

statement and a confirmable plan of reorganization and through and including Monday, June 29, 2015 to obtain acceptance thereof.

19. It is well established that whether the requisite "cause" exists to extend a debtor's periods of exclusivity is committed to the sound discretion of the court and should be based upon the facts and circumstances of a particular case. *See, e.g. In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *In re Texaco Inc.*, 76 B.R. 322, 325-26 (Bankr. S.D.N.Y. 1987). Although the Bankruptcy Code does not define "cause" for purposes of an extension request under 11 U.S.C. § 1121(d), courts have looked to the legislative history of this Section for guidance. *See, e.g. Amko Plastics,* 197 B.R. at 77; *accord Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297-98 (W.D. Tenn. 1987). The legislative history behind Section 1121(d) indicates that Congress did not intend that the 120- and 180-day exclusive periods be a hard and fast limit. *See Amko Plastics,* 197 B.R. at 77; *Perkins*, 71 B.R. at 297-98. Instead, Congress intended that a debtor's periods of exclusivity were to be of an adequate length (as determined by the circumstances of the case) for the debtor to formulate, negotiate, and draft a viable plan without the disruptions that would occur if competing plans of reorganization were to be filed. *See Geriatrics Nursing Home v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D. N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

20. When evaluating whether to extend exclusivity periods, courts have relied on a number of factors, including:

> (1) the large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure;

(2) the need of the creditors' committee to negotiate with the debtor and the ability to prepare adequate information;

(3) the existence of good faith progress towards reorganization;

(4) the existence of an unresolved contingency;

(5) the fact that the debtor is paying bills as they become due;

(6) the length of previous extensions of exclusivity;

(7) breakdowns in plan negotiations, such that the continuation of the debtor's exclusivity period would result in the debtor having an unfair bargaining position over creditors;

(8) the debtor's failure to resolve fundamental reorganization matters essential to its survival; and

(9) the gross mismanagement of the debtor.

*In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (8th Cir. B.A.P. 2003) (internal citations omitted). However, it is important to note "that these are only factors, not all of which are relevant in every case, and that it is not "simply a question of adding up the number of factors which weigh for and against extension." *Id.* Rather, "[i]t is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each." *Id.*

21. Under these standards, the "cause" required by 11 U.S.C. § 1121(d)(1) is present in these cases. The Debtors' bankruptcy proceedings involve sizeable and complex business and financial operations involving more than one thousand interested parties and many millions of dollars in assets and liabilities, all of which must be considered as part of the development of a Chapter 11 plan. The Debtors have made progress since the commencement of their bankruptcy cases and, more specifically, since the filing of the Second Extension Motion. Since that time, the Debtors have sought and obtained debtor-in-possession financing, sought and obtained insurance premium financing and renewed their insurance policies, and continued to pay their

7

debts as they come due.  The Debtors have also developed and are currently in the midst of a Court-approved sale process for all assets of the JAD Debtors,[3] which will continue throughout the month of February and is anticipated to close in mid-March.  At the same time, the Debtors have been exploring multiple options for the disposition of the remaining Debtors' operations and potential structures for a confirmable Chapter 11 plan, both in consultation with the Committee and their major secured lenders.  The Debtors have also participated in the Committee's discovery and investigation process, which is still ongoing and anticipated to continue for several more weeks.

22. Against this background, the Debtors believe that they have made good faith progress towards formulating viable options for confirming a plan and exiting Chapter 11, but they need additional time before a plan and disclosure statement can be submitted.  If the Current Exclusivity Periods are not extended, the Debtors will be forced to file a plan by March 4, 2015 in order to maintain their exclusivity rights.  Such a deadline would likely be detrimental to the Debtors and interested parties because the anticipated sale of the JAD Debtors' assets is not expected to close until March 15, 2015, and filing a plan before sale closure would deprive the Debtors of any real ability to incorporate the impact of the sale into a plan.  Accordingly, the Debtors request that the Court order that the Current Exclusivity Periods be extended as requested herein to allow the Debtors this important additional time to complete a sale of the JAD Debtors' assets, to explore and finalize options for the disposition of the remaining Debtors' operations, and to weave the two processes together into a cohesive, confirmable plan that is beneficial to all interested parties.

23. The Debtors file this Motion not for the purpose of delay, but in a good faith effort to satisfy their duties and obligations in these bankruptcy proceedings.

---

[3] The "JAD Debtors" are J.A.D. Coal Company, Inc., Fox Knob Coal Co., Inc., and Sandlick Coal Company, LLC.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (1) extending the exclusivity period within which all of the Debtors may file their plan and disclosure statement through and including Wednesday, April 29, 2015; (2) extending the exclusivity period within which all of the Debtors may solicit acceptances of their plan through and including Monday, June 29, 2015; and (3) granting the Debtors such other and further relief as the Court deems just and proper.

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Third Floor, Lexington, Kentucky, on Wednesday, February 18, 2015, at the hour of 9:30 a.m. (ET), or as soon thereafter as counsel may be heard.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Amelia Martin Adams, Esq.
KY Bar No. 93038
Laura Day DelCotto, Esq.
KY Bar No. 81763
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
aadams@dlgfirm.com
ldelcotto@dlgfirm.com

and

NIXON PEABODY LLP

/s/ Dennis J. Drebsky, Esq.
NY Bar No. 1181007
Christopher M. Desiderio, Esq.
NY Bar No. 4350633
437 Madison Avenue
New York, NY 10022-7039
Telephone:  (212) 940-3000
Facsimile:   (212) 940-3111
ddrebsky@nixonpeabody.com
cdesiderio@nixonpeabody.com

COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

Z:\Extend Exclusivity Mot (3d) 20150127.doc