UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND, LONDON, AND LEXINGTON DIVISIONS

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LICKING RIVER MINING, LLC, *et al.* | CASE NO. 14-10201 |
| DEBTORS IN POSSESSION | JOINTLY ADMINISTERED[1] |

**FIRST INTERIM APPLICATION FOR APPROVAL OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED BY GLASSRATNER ADVISORY & CAPITAL GROUP, LLC
AS FINANCIAL ADVISOR FOR THE DEBTORS FOR THE PERIOD
JUNE 12, 2014 THROUGH SEPTEMBER 30, 2014**

Comes Licking River Resources, Inc., Licking River Mining, LLC, S. M. & J., Inc., J.A.D. Coal Company, Inc., Fox Knob Coal Co., Inc., and U.S. Coal Corporation (collectively, the "Debtors") on behalf of their financial advisor, GlassRatner Advisory & Capital Group, LLC (the "Applicant" or "GlassRatner"), and for the Applicant's First Interim Application for Approval of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisors for the Debtors for the period June 12, 2014 through September 30, 2014 (the "Fee Application") respectfully represents as follows:

### I. NARRATIVE SUMMARY

**A. Status of Proceeding**

1. On May 22, 2014 (the "LR Mining Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") was filed against Licking River Mining, LLC ("LR

---

[1] The Debtors whose Chapter 11 cases are being jointly administered with the case of Licking River Mining, LLC are: Licking River Resources, Inc. (Case No. 14-10203), S. M. & J., Inc. (Case No. 14-10220), J.A.D. Coal Company, Inc. (Case No. 14-60676), Fox Knob Coal Co., Inc. (Case No. 14-60619), and U.S. Coal Corporation (Case No. 14-51461).

Mining"). On May 23, 2014, involuntary petitions seeking relief under Chapter 11 of the Bankruptcy Code were filed against Licking River Resources, Inc. ("LRR") and Fox Knob Coal Company, Inc. ("Fox Knob"). On June 3, 2014, an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against S. M. & J., Inc. ("SM&J"). On June 4, 2014, an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against J.A.D. Coal Company, Inc. ("JAD"). On June 10, 2014, an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against U.S. Coal Corporation ("U.S. Coal"). The foregoing involuntary petitions are collectively referred to as the "Involuntary Petitions."

2. In response to the Involuntary Petitions, on June 9, 2014, LR Mining, LRR, Fox Knob, SM&J, and JAD (collectively, the "Subsidiary Debtors") acknowledged that they did not have a defense to allegations contained by filing their Consolidated Answer and Consent to Entry of Order for Relief and Reservation of Rights [ECF No. 8]. On June 12, 2014, the Court entered an Order for Relief in each of the Subsidiary Debtors' cases (the "Subsidiary Relief Date"). In response to its Involuntary Petition, on June 23, 2014, U.S. Coal acknowledged that it did not have a defense to allegations contained by filing its Answer and Consent to Entry of Order for Relief and Reservation of Rights [U.S. Coal Doc 7]. On June 27, 2014, the Court entered an order for relief in U.S. Coal's bankruptcy case (the "U.S. Coal Relief Date," and together with the Subsidiary Relief Date, the "Relief Dates").

3. On June 13, 2014 and June 27, 2014, the Court entered Orders [LR Mining Doc 91, U.S. Coal Doc 48] authorizing the joint administration of these Chapter 11 cases pursuant to Fed. R. Bankr. P. 1015(b) for procedural purposes.

2

4. This Court has jurisdiction over the Debtors' Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

5. The Debtors maintain their principal places of business in Fayette County, Kentucky. Accordingly, venue for the Debtors' Chapter 11 cases is proper in this District under 28 U.S.C. §§ 1408 and 1409.

6. No trustee or examiner has been appointed in the Debtors' Chapter 11 cases. A single Official Committee of Unsecured Creditors (the "Committee") for all Debtors was appointed on June 18, 2014 [*See* Doc 145].

7. The Debtors are current in the filing of their monthly reports and in the payment of their U.S. Trustee fees in the ordinary course as invoiced.

8. Plans and Disclosure Statements have not yet been filed. The exclusivity period within which the Debtors may file their plan and disclosure statement runs through and including January 8, 2015, and the exclusivity period within which the Debtors may solicit acceptances of their plan runs through March 9, 2015.

9. On August 3, 2014, the Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Doc 337] (the "Interim Compensation Order"), which approved the compensation procedures contained therein (the "Compensation Procedures"). Pursuant to the Compensation Procedures, professionals retained in these cases are authorized to file monthly fee statements (the "Monthly Fee Statements"). Provided that no objection to a Monthly Fee Statement is timely filed, the Debtors are authorized to pay such professional an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Statement. Also pursuant to the Compensation Procedures, professionals retained in these cases are authorized to file interim fee

3

applications with the Court beginning with the period from June 12, 2014 through and including September 30, 2014 and at four-month intervals thereafter.

**B.  Background of Applicant**

10.  The Debtors selected the Applicant as their financial advisor because of its experience and knowledge in the fields of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.  The Subsidiary Debtors filed their Application to employ the Applicant as financial advisor on June 9, 2014 [Doc 30] (the "Original GR Employment Application"), and the Court entered an Interim Order [Doc 123] approving that Application on an interim basis on June 16, 2014.  On June 23, 2014, the Debtors filed their Application [U.S. Coal Doc 23] (the "USC GR Employment Application") requesting authorization for U.S. Coal to employ the Applicant on the same terms as stated in the Original GR Employment Application.

11.  On July 11, 2014, the Court entered Final Orders Authorizing the Employment of GlassRatner Advisory & Capital Group as Financial Advisor for the Debtors [Doc 277; U.S. Coal Doc 80] (together, the "Final GR Employment Orders"), which approved both the Original and the USC GR Employment Applications and authorized all of the Debtors to retain and employ the Applicant as their financial advisor effective from the Relief Dates through the pendency of their bankruptcy cases.  A copy of the Final GR Employment Order entered in the lead case is attached hereto as <u>Exhibit A</u>.  The Applicant has been employed by and acted as financial advisor for the Debtors since the Relief Dates.

**C.  Terms of Employment**

12.  All charges for services rendered and for reimbursement of costs incurred are within the range of rates and in the amounts the Applicant customarily bills to and collects from

4

other clients for similar services. The Applicant believes that its services were necessary and beneficial to the Estates and that the amount requested as compensation for services is reasonable, and requests that the amount be approved.

13.     The Applicant's professionals and paraprofessionals record the services they perform on daily time sheets and/or electronic time slips in six-minute increments. The time entries are made substantially contemporaneously with the performance of the services described therein and are kept in the regular course of the Applicant's business. The billing statements contain a reproduction of the time entries arranged chronologically by the U.S. Trustee's project categories and set forth the costs incurred and expenses advanced. The billing statements are maintained in the ordinary course of the Applicant's business. True and accurate copies of the billing statements for the period from June 12, 2014 through September 30, 2014 (the "Fee Period") covered by this Fee Application are attached hereto as Exhibit B. The Applicant represents that the Debtors have reviewed the billing statements and have approved the requested amount.

14.     The Applicant received a pre-Relief Date retainer of $100,000.00 for services rendered and expenses incurred by the Applicant as financial advisor prior to the filing of the Subsidiary Answer. The Applicant applied the sum of $61,267.67 to the fees and expenses incurred prior to the filing of the Subsidiary Answer. The Applicant holds the remaining $38,732.33 (the "Retainer") in its escrow account, as authorized by the Final GR Employment Orders.

15.     The Applicant has submitted no prior applications for allowance of interim compensation. Pursuant to the Interim Compensation Order, the Applicant has previously filed the following three Monthly Fee Statements during the Fee Period:

5

| Fee Statement Period | Doc No. | Total Fee | 80% of Total Fee | Total Expenses | Amount Paid | Amount Unpaid |
|---|---|---|---|---|---|---|
| June 12 – July 30, 2014 | 422 | $349,161.40 | $279,329.12 | $25,487.28 | $304,816.40 | $69,832.28 |
| August 1-31, 2014 | 514 | $155,262.50 | $124,210.00 | $1,124.74 | $125,334.74 | $31,052.50 |
| September 1-30, 2014 | 585 | $161,792.30 | $129,533.84 | $7,802.67 | $0.00[2] | $169,594.97[2] |
| TOTALS | | $666,216.20 | $532,972.96 | $34,414.69 | $430,151.14 | $270,479.75 |

16. No objections were filed to the Monthly Fee Statements for the periods of June 12, 2014 - July 31, 2014 and of August 1-31, 2014. Accordingly, in conformity with the Interim Compensation Order and the Compensation Procedures set forth therein, 80% of the charged fees and 100% of the reimbursable expenses set forth in the Monthly Fee Statements for those periods has been paid by the Debtors to the Applicant.

17. The deadline for objections to the Applicant's Monthly Fee Statement for the period of September 1-30, 2014 is November 19, 2014. If no objections are filed, the Applicant anticipates that the Debtors will pay the Applicant the sum of $137,236.51 in the near future in conformity with the Interim Compensation Order and the Compensation Procedures, which is 80% of the charged fees and 100% of the reimbursable expenses set forth in the Monthly Fee Statement for September.

18. The remaining 20% of the Applicant's fees for the periods of June 12, 2014 - July 30, 2014 and August 1-31, 2014 has not yet been paid and remains outstanding. Assuming that the Debtors pay the Applicant the amount described in paragraph 17 herein for the Monthly Fee Statement period of September 1-30, 2014, the remaining 20% of the Applicant's fees for that period will remain outstanding as well. Hereinafter, these unpaid amounts constituting 20% of the Applicant's fees during the Fee Period are referred to as the "Twenty Percent Holdback."

---

[2] These amounts are as of the filing of this Application.

6

## II. RELIEF REQUESTED

By this Fee Application, pursuant to the applicable provisions of 11 U.S.C. §§ 327 - 331 and Fed. R. Bankr. P. 2016, the Applicant seeks allowance of compensation for services rendered by the Applicant as financial advisor for the Debtors during the Fee Period of June 12, 2014 through September 30, 2014. The Applicant seeks allowance of compensation for services rendered in the amount of $666,216.20 and allowance and reimbursement of expenses incurred in the amount of $34,414.69 during the Fee Period, for a total of $700,630.89.

**A.      Summary of Services Rendered**

A detailed and itemized description of the services rendered and expenses incurred by the Applicant for the Fee Period is set forth in Exhibit B and can be further described by project category consistent with the U.S. Trustee's Guidelines as follows:

- b1.    Asset Analysis and Recovery – Intentionally omitted

- b2.    Asset Disposition – Intentionally omitted

- b3.    Assumption/Rejection of Leases and Contracts
  Total Hours – 68.3
  Total Fees Requested - $27,177.50

This category includes time expended for review of specific agreements including those involving Kolmar, Kentucky Coal Terminal, Forge, Ivyton, Contract Highwall Mining, Caterpillar, Komatsu, and Whayne Supply; review of royalty holders and preparation of royalty analyses; and assisting with preparation of royalty motion in conjunction with the royalty analyses to be filed with Court.

- b4.    Avoidance Action Analysis – Intentionally omitted

- b5.    Budgeting (Case) – Intentionally omitted

7

  b6. <u>Business Operations</u>
     Total Hours – 15.6
     Total Fees Requested - $7,555.00

This category includes time expended for review of cash management policies and procedures; preparation of a cash management memo; on-site management discussions regarding operations; and review of surety bond schedule and timing of payments.

  b7. <u>Case Administration</u>
     Total Hours – 115.8
     Total Fees Requested - $49,765.00

This category includes time expended for attendance at first-day hearings in Lexington; meetings in Lexington with the Debtors and the Debtors' counsel to discuss strategy and case issues; status meetings and calls with the Debtors' counsel, the Debtors, and the GlassRatner team; and review of the docket, various motions, objections, filing requirements and statutory guidelines.

  b8. <u>Claims Administration and Objections</u>
     Total Hours – 162.3
     Total Fees Requested - $44,342.50

This category includes time expended for review of statutory requirements for 11 U.S.C. § 503(b)(9), administrative, and gap period claims; review of invoice history for all vendors with potential 503(b)(9) and/or administrative and gap period claims; analysis of post-petition and gap period payments; preparation of a 503(b)(9), administrative, and gap claim analysis and memo; and review of general unsecured pool of creditors and preparation of a general unsecured pool analysis and memo.

  b9. <u>Corporate Governance and Board Matters</u> – Intentionally omitted

8

  b10. <u>Employee Benefits and Pensions</u>
     Total Hours – 9.2
     Total Fees Requested - $4,395.00

This category includes time expended for review of the key employee incentive plan; research of comparable key employee incentive plans; and meetings and discussions with the Debtors' counsel and the Debtors regarding the key employee incentive plans.

  b11. <u>Employment and Fee Applications</u>
     Total Hours – 42.9
     Total Fees Requested - $18,772.50

This category includes time expended for review of motion to employ and declaration in support of GlassRatner; review of internal invoices for June, July, August and September and preparation of any necessary revisions; preparation of June, July, August and September monthly fee notices; preparation of gap period invoice; review of E&Y, Foley and Boyd employment application and fee notices.

  b12. <u>Employment and Fee Application Objections</u>– Intentionally omitted

  b13. <u>Cash Collateral and Post Petition Financing</u>
     Total Hours – 303.8
     Total Fees Requested - $125,189.90

This category includes time expended for discussions and meetings with the Debtors and the Debtors' counsel regarding the Initial, First Amended, and Final Cash Collateral Orders, as well as assisting the Debtors in the preparation of the Initial, First Amended, and Final 13 week cash collateral budgets. The preparation of such budgets incorporated a detailed analysis of the Debtors' operations, including production and shipping forecasts, detailed operating assumptions on a mine by mine basis, staffing analysis, and analysis of prepetition obligations typically allowed postpetition. This time also included the preparation of a memo for each of the cash collateral budgets. This category also includes time expended for a review of the feasibility of

9

debtor-in-possession ("DIP") financing; participation in meetings and discussions with the Debtors and the Debtors' counsel to strategize terms of any DIP financing; review of potential DIP motion, and proposed order; and preparation and review of a DIP presentation to present to potential investors.

    b14.    <u>Litigation</u>– Intentionally omitted

    b15.    <u>Meetings of and Communications with Creditors</u>
              Total Hours – 155.3
              Total Fees Requested - $63,275.50

This category includes time expended for preparation and attendance at 341 hearing in Lexington; preparation of updated cash flow forecasts for discussion with the Committee financial advisor; review of request list provided by the Committee counsel; meetings and discussions with the Debtors and the Debtors' counsel to discuss fulfillment of the Committee document requests; creation of online database to organize and store documents requested by the Committee; preparation of responses to the Committee document requests and upload to online database; tour of JAD and LRR facilities with the Committee financial advisor; and meetings and calls with the Committee to provide updates as to status of case and document requests.

    b16.    <u>Non-Working Travel</u> – Intentionally omitted. As a courtesy to the Estates, GlassRatner is not billing for any non-working travel time.

    b17.    <u>Plan and Disclosure Statement (incl. Business Plan)</u>
              Total Hours – 499.2
              Total Fees Requested - $184,814.80

This category includes time expended for preparation of JAD and LRR plan projection models; on-site meetings and continued discussions with the Debtors regarding business plan and assumptions; preparation of financial models and continued review based on relevant financial results; preparation of internal memoranda regarding business plan assumptions for LRR and

10

JAD; meetings with the Debtors to review cash flow and projections on mine-by-mine basis; construction of a revised balance sheet, statement of cash flows, and sources and uses summary; and preparation of updates to financial models based on continued discussions with the Debtors.

    b18.    <u>Real Estate</u>– Intentionally omitted

    b19.    <u>Relief from Stay/Adequate Protection Proceedings</u>
            Total Hours – 11.50
            Total Fees Requested - $5,697.50

This category includes time expended for review of equipment lenders' adequate protection orders, including Caterpillar, Komatsu, Commercial Bank, and Huntington Bank; review of payments and debt outstanding to equipment lenders; review of stipulations as part of adequate protection motions; and discussions with the Debtors' counsel and the Debtors regarding the same.

    b20.    <u>Financial Reporting</u>
            Total Hours – 218.4
            Total Fees Requested - $67,485.00

This category includes time expended for review of statutory requirements for the filing of the summary of assets and liabilities (the "SOALS") and the statement of financial affairs (the "SOFAS") in the Eastern District of Kentucky; coordination with the Debtors and on-site meetings required to complete the SOFAS and SOALS; review of documentation provided by the Debtors; preparation of separate SOFAS and SOALS for all of the Debtor entities; review of SOFAS and SOALS with the Debtors' counsel and preparation of updates as applicable; preparation of amended SOFAS and SOALS for each debtor entity; review of weekly variance reports prepared by the Debtors; preparation of rolling budget vs. actual variance reports; and meetings with the Debtors and the Debtors' counsel regarding the variance reports.

    b21.    <u>Tax Issues</u>
            Total Hours – 27.8
            Total Fees Requested - $10,435.00

This category includes time expended for review of interim order regarding tax payments and meetings with the Debtors' counsel regarding same; review of historical tax returns and net operating losses (the "NOLs"); preparation and review of NOL memo; meetings and discussions with NOL expert to prepare an NOL tax analysis; review of prepetition taxes and meetings with the Debtors and the Debtors' counsel regarding same; and review of reclamation and severance tax amounts and preparation of tax summary.

    b22.    <u>Valuation</u>
            Total Hours – 122.9
            Total Fees Requested - $46,557.50

This category includes time expended for discussions with appraisers from Resource Technologies and Great American Group to discuss valuation for machinery, equipment and the Debtors as a going concern; review of appraisals; discussions with the Debtors' counsel and the Debtors regarding equipment and the valuation analysis; preparation of a liquidation analysis based on appraised equipment values; and preparation of a valuation summary based on appraised values and the liquidation analysis.

    b23.    <u>Financial Analysis/Capital Structure</u>
            Total Hours – 28.7
            Total Fees Requested - $10,753.50

This category includes time expended for discussions with the Debtors and the Debtors' counsel regarding equipment note financing, related party transactions, the lien summary, and intercompany transactions; preparation of intercompany transaction memo; and review of debt structure amounts.

12

Summary

The total time expended by the Applicant on behalf of the Debtors during the Fee Period was 1,781.7 hours and is itemized on Exhibit B.

In conclusion, the Applicant believes and represents that the compensation sought is reasonable based on the nature, extent, and value of such services, the time expended on such services, the cost of the comparable services rendered in cases other than bankruptcy cases, and the other factors adopted by the Sixth Circuit in the lodestar analysis of fee applications.

**B.     Necessary Expenses Incurred**

Under 11 U.S.C. § 330(a)(1)(B), the Court may reimburse the Applicant for the "actual, necessary expenses" incurred in these cases. In the course of its representation of the Debtors during the Fee Period, the Applicant incurred actual expenses in the total amount of $34,414.69. A detailed list of those expenses is included in Exhibit B. By the Fee Application, the Applicant also seeks allowance and reimbursement for those actual, reasonable and necessary expenses incurred by the Applicant in representing the Debtor.

The Applicant normally seeks and receives reimbursement of costs incurred for travel, hotels, meals, transportation, postage, teleconference services, and online research from its clients, and reimbursement of such costs is sought hereby. The Applicant believes that all of the expenses requested are reasonable, necessary and appropriately reimbursable in these cases. The Applicant requests that this Court approve the reimbursement sought.

### III.  CONCLUSION

The Applicant respectfully submits that its Fee Application for interim compensation in the total amount of $700,630.89 (including fees and expenses) constitutes a fair and reasonable request for the quality and nature of the services performed.

WHEREFORE, for all the foregoing reasons, pursuant to 11 U.S.C. §§ 328, 330 and 331, the Applicant prays that this Court enter an Order:

(a) approving the Applicant's request pursuant to this Fee Application for interim allowance of fees in the amount of $666,216.20 and expenses in the amount of $34,414.69 for the Fee Period, for a total allowed compensation of $700,630.89;

(b) authorizing the Applicant to apply the Retainer to the Twenty Percent Holdback of $133,243.24, and also to any additional portion of the Applicant's Monthly Fee Statement for September 1-30, 2014 that remains outstanding as of the entry of such order, both as allowed interim administrative expenses of the Estates.

(c) following the Applicant's application of the Retainer to the Twenty Percent Holdback and any portion of the Applicant's Monthly Fee Statement for September 1-30, 2014 that remains outstanding as of the entry of such order, authorizing the Debtors to pay the Applicant any remaining portion of the Twenty Percent Holdback and the Applicant's Monthly Fee Statement for September 1-30, 2014, both as allowed interim administrative expense of the Estates; and

(d) granting such other and further relief as this Court may deem appropriate.

## CERTIFICATE OF APPLICANT

I hereby certify that I have reviewed the foregoing Fee Application and the Exhibits attached hereto and that they are true and correct to the best of my knowledge and belief.

GlassRatner Advisory & Capital Services, LLC, Applicant

By: /s/ Evan Blum

Title: Principal

Dated: November 13, 2014

14

## NOTICE

Please take notice that unless an objection to the foregoing, properly noticed for hearing, is filed within thirty (30) days of the date of service of this pleading, an order granting the relief requested herein may be entered without a hearing. Any objections shall be noticed for hearing on Wednesday, December 17, 2014 at 9:30 a.m. (ET) before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Third Floor, Lexington, Kentucky.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Amelia Martin Adams, Esq.
KY Bar No. 93038
Laura Day DelCotto, Esq.
KY Bar No. 81763
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
aadams@dlgfirm.com
ldelcotto@dlgfirm.com

and

NIXON PEABODY LLP

/s/ Dennis J. Drebsky, Esq.
NY Bar No. 4350633
Christopher M. Desiderio, Esq.
NY Bar No. 1181007
437 Madison Avenue
New York, NY 10022-7039
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
ddrebsky@nixonpeabody.com
cdesiderio@nixonpeabody.com

COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

## **CERTIFICATE OF SERVICE**

This document has been electronically filed and served via the Court's ECF System on November 14, 2014.

                                                /s/ Amelia Martin Adams, Esq.
                                                COUNSEL FOR DEBTORS
                                                AND DEBTORS IN POSSESSION

Z:\Fee App GR 1st Interim VFN 20141114.doc

Case 14-10201-tnw Doc 2372-3 Filed 04/15/15 Entered 04/15/15 15:43:57 Desc Main
Document Page 16 of 16